UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20457 CR-SEITZ

18 U.S.C. § 1347
18 U.S.C. § 2
18 U.S.C. § 982

MAGISTRATE JUDGE
O'SULLIVAN

UNITED STATES OF AMERICA

vs.

RICHAR FERNANDEZ,
a/k/a "Richard Fernandez,"

Defendant.
_____/

FILED by _____ D.C.
MAY 29 2008
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

#### The Medicare Program

1.      The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare are prescribed by statute and by federal regulations under the auspices of the United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS"). Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2.      Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.      Part B of the Medicare Program was a medical insurance program that covered,

among other things, certain physician and outpatient services, and other health care benefits, items, and services, including durable medical equipment ("DME"), that were medically necessary and ordered by licensed medical doctors or other qualified health care providers. DME is equipment that is designed for repeated use and for a medical purpose, such as prosthetic limbs, back braces, knee braces, and wheelchairs.

4. For Florida beneficiaries, Medicare Part B's insurance concerning DME and related health care benefits, items, and services, was administered by Palmetto Government Benefits Administrators ("Palmetto GBA"), pursuant to a contract with HHS. Among Palmetto GBA's responsibilities, it received, adjudicated, and paid the claims of authorized DME suppliers that were seeking reimbursement for the cost of DME and other health care benefits, items, or services supplied or provided to Medicare beneficiaries.

## Medicare Billing Procedures

5. A DME company that sought to participate in Medicare Part B and bill Medicare for the cost of DME and related benefits, items, and services was required to apply for and receive a "supplier number." The supplier number allowed a DME company to submit bills, known as "claims," to Medicare to obtain reimbursement for the cost of DME and related health care benefits, items, and services that a DME company had supplied to beneficiaries.

6. To receive payment from Medicare, a DME company, using its supplier number, would submit a health insurance claim form, known as a CMS-1500. Medicare permitted DME companies to submit a CMS-1500 electronically or by way of a paper claim form. The CMS-1500 required DME companies to provide certain important information, including: (a) the Medicare beneficiary's name and identification number; (b) the identification number of the doctor or other

qualified health care provider who ordered the health care benefit, item, or service that was the subject of the claim; (c) the health care benefit, item, or service that was provided or supplied to the beneficiary; (d) the billing codes for the benefit, item, or service; and (e) the date upon which the benefit, item, or service was provided or supplied to the beneficiary.

7.  Medicare, through Palmetto GBA, generally would pay a substantial portion of the cost of the DME or related health care benefits, items, and services that were medically necessary and ordered by licensed doctors or other licensed, qualified health care providers.

8.  Payments under Medicare Part B were often made directly to the DME company rather than to the patient/beneficiary. For this to occur, the beneficiary would assign the right of payment to the DME company or other health care provider. Once such an assignment took place, the DME company would assume the responsibility for submitting claims to, and receiving payments from, Medicare.

9.  Under Medicare rules and regulations, DME or other related health care benefits, items or other services, must be medically necessary and ordered by a licensed doctor or other licensed, qualified health care provider in order to be reimbursed by Medicare.

### The Defendant

10.  Defendant **RICHAR FERNANDEZ** was the President, Director, and Registered Agent of MSR Medical Supplies, Inc. ("MSR Medical"), a Florida corporation originally located at 10835 NW 7th Street, Unit 11, Miami, Florida, 33172. On or about April 11, 2007, MSR Medical relocated to 2550 NW 72nd Avenue, #207, Miami, Florida 33122.

### MSR Medical

11.  MSR Medical was first incorporated in the State of Florida on or about August 25,

2005, and was purportedly engaged in the business of providing durable medical equipment to Medicare beneficiaries. MSR Medical had a Medicare provider number and was eligible to receive reimbursement from Medicare for durable medical equipment that was supplied to beneficiaries.

## COUNTS 1-12
### Health Care Fraud
### 18 U.S.C. §§ 1347 and 2

1. Paragraphs 1 through 11 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From on or about August 25, 2005, and continuing through in or around April 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RICHAR FERNANDEZ**
a/k/a "Richard Fernandez,"

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud Medicare, a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Medicare.

### Purpose of the Scheme and Artifice

3. It was a purpose of the scheme and artifice for **RICHAR FERNANDEZ** to unlawfully enrich himself by submitting and causing the submission of false and fraudulent claims to Medicare for the cost of various health care benefits, items, and services.

### The Scheme and Artifice

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among other things:

4

4. On or about August 25, 2005, **RICHAR FERNANDEZ** obtained and maintained control of MSR Medical by incorporating MSR Medical and registering as the President, Director, and Registered Agent of MSR Medical.

5. On or about September 13, 2005, **RICHAR FERNANDEZ** obtained sole signature authority for a Bank of America corporate account, account number xxxxxxxx8102, for MSR Medical.

6. Beginning in or around September 2006, **RICHAR FERNANDEZ** caused MSR Medical to submit false and fraudulent claims to Medicare, including claims on behalf of deceased beneficiaries.

7. **RICHAR FERNANDEZ** caused MSR Medical to submit approximately $6,341,753 in Medicare claims that falsely and fraudulently represented that various health care benefits, items, and services were medically necessary and had been provided to Medicare beneficiaries.

8. **RICHAR FERNANDEZ** received payments from Medicare, which were paid to MSR Medical for reimbursement in the approximate amount of $301,501. A substantial portion of those payments were deposited into MSR Medical's corporate bank account, Bank of America, account number xxxxxxxx8102.

9. **RICHAR FERNANDEZ** then transferred and disbursed funds from MSR Medical's corporate bank account to himself and others.

### Acts in Execution of the Scheme and Artifice

10. On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, **RICHAR FERNANDEZ**, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully

execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program:

| Count | Beneficiary | Approximate Date of Claim | Medicare Claim Number | Item Claimed; Approximate Amount Billed |
|---|---|---|---|---|
| 1 | F.H. | 10/02/06 | 106275752786000 | Enteral nutrition infusion pump; $1,196 |
| 2 | I.R. | 10/03/06 | 106276733223000 | Pressure support ventilator with invasive interface; $1,406 |
| 3 | E.E. (Deceased) | 10/03/06 | 106276733205000 | Negative pressure wound therapy pump; $1,716 |
| 4 | D.R. | 10/10/06 | 106283725962000 | Enteral nutrition infusion pump; $1,196 |
| 5 | D.R. | 10/10/06 | 106283725958000 | Negative pressure wound therapy pump; $1,716 |
| 6 | R.B. | 10/10/06 | 106283725948000 | Negative pressure wound therapy pump; $1,716 |
| 7 | E.E. (Deceased) | 10/19/06 | 106292890126000 | Negative pressure wound therapy pump; $1,716 |

| Count | Beneficiary | Approximate Date of Claim | Medicare Claim Number | Item Claimed; Approximate Amount Billed |
|---|---|---|---|---|
| 8 | G.H. | 10/25/06 | 1062987423270 | Pressure support ventilator with invasive interface; $1,406 |
| 9 | C.R. (Deceased) | 10/25/06 | 106298742331000 | Negative pressure wound therapy pump; $1,716 |
| 10 | A.C. (Deceased) | 10/25/06 | 106298742264000 | Negative pressure wound therapy pump; $1,716 |
| 11 | E.E. (Deceased) | 11/13/06 | 106317759146000 | Negative pressure wound therapy pump; $1,716 |
| 12 | M.P. (Deceased) | 11/13/06 | 106317759134000 | Negative pressure wound therapy pump; $1,716 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURE
### (18 U.S.C. § 982)

1. The allegations contained in Counts 1 through 12 of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **RICHAR FERNANDEZ**, has an interest in pursuant to the provisions of Title 18, United States Code, Section 982(a)(7).

2. Pursuant to Title 18, United States Code, Section 982, upon conviction of **RICHAR FERNANDEZ** for any of the offenses charged in this Indictment, the defendant shall forfeit to the

United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense. Such forfeiture shall include, but not be limited to:

(a) a money judgment in the amount of $301,501, which represents the gross proceeds of the fraud; and

(b) all funds on deposit and interest accrued thereto at Bank of America, account number 005506148102, in the name of MSR Medical.

3. If the property described above as being subject to forfeiture, as a result of any act or omission of **RICHAR FERNANDEZ**,

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to or deposited with a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as made applicable through Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of **RICHAR FERNANDEZ** up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 982 and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
ALICIA E. SHICK
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| RICHAR FERNADNEZ, a/k/a "Richard Fernandez," | |
| Defendant. _____/ | Superseding Case Information: |

**Court Division**: (Select One)

- _X_ Miami ___ Key West
- ___ FTL ___ WPB ___ FTP

New Defendant(s)       Yes ___  No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  _Yes_
   List language and/or dialect  _Spanish_

4. This case will take _5_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)

| | | | | (Check only one) |
|---|---|---|---|---|
| I | 0 to 5 days | _X_ | Petty | ___ |
| II | 6 to 10 days | ___ | Minor | ___ |
| III | 11 to 20 days | ___ | Misdem. | ___ |
| IV | 21 to 60 days | ___ | Felony | _X_ |
| V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No)  _No_
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)  _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes _X_ No

_____
ALICIA E. SHICK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 124842

*Penalty Sheet(s) attached

REV.9/11/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **RICHAR FERNANDEZ, a/k/a "Richard Fernandez"**

Case No: _____

Counts #: 1-12

Health Care Fraud

Title 18, United States Code, Section 1347

*Max.Penalty: Ten years' imprisonment per count

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.